KETCHUM v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 9, 1918.)

No. 4872.

INTERNAL REVENUE ☞47—OFFENSES—PAYMENT OF TAX.

In a prosecution for carrying on the business of a retail liquor dealer by selling and offering for sale distilled spirits, without having paid the special United States government tax as required by law, evidence *held* sufficient to sustain the conviction.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Doc Ketchum was convicted of carrying on the business of a retail liquor dealer without having paid the special United States government tax as required by law, and he brings error. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Gardner K. Oliphint, James E. Hogue, Douglas Heard, and Edward B. Downie, all of Little Rock, Ark., for plaintiff in error.

W. H. Rector, Asst. U. S. Atty., of Little Rock, Ark., and W. H. Martin, U. S. Atty., of Hot Springs, Ark.

Before SANBORN and SMITH, Circuit Judges.

SANBORN, Circuit Judge. The defendant below, Doc Ketchum, was indicted for carrying on the business of a retail liquor dealer by selling and offering for sale distilled spirits without having paid the special United States government tax as required by law. He was tried to a jury and convicted, and the only error assigned is that the court refused to instruct the jury to return a verdict in his favor.

There was conclusive evidence that between the 1st day of July, 1916, and the 2d day of September, 1916, the defendant had no license from the government, although he had one prior to and subsequent to that date, and he had a license dated September 2, 1916, covering the time from July 1, 1916, to July 1, 1917. One Trammell testified that he saw the defendant sell a bottle of whisky to one Morgan in Williams' pool hall in the city of Hot Springs, Ark., on the 30th day of August, 1916. One Sherfield testified at the trial in November, 1916, that he had bought whisky of the defendant at the back of Williams' pool hall several times within the year preceding; that he thought he bought some of it about the 1st of August; that he bought whisky of the defendant off and on for two or three months before he went before the grand jury in Hot Springs; that it was not his money that bought the whisky, that old Uncle Bob Ware was a whisky drinker and he bought it for him; that he was unable to go about, and he thought he had bought 400 bottles of whisky for him since he had been in Hot Springs, but he did not get it all from Ketchum. One Tisdale testified that he knew that the defendant ran a pool hall for Williams during the latter part of July and up into August, 1916; that he saw Sherfield around there at that time; that he (Tisdale) was a police officer, and they were watching the movement of this whisky proposition; that they noticed the trips made by Sherfield; that he noticed that the defendant Sherfield would go back, and then come out the back end of the pool room, and there would be the print of a bottle in the defendant's pocket, and then he would come back and Sherfield would leave, and there would be the print of a bottle in Sherfield's pocket, and the police officers would follow him until they came to the place where old Uncle Bob Ware was rooming; that he saw the defendant with Sherfield since the 29th of June, 1916. This was all the evidence for the government. The defendant testified that he had never sold any whisky except when he had a license to sell it.

The testimony which has been recited cannot be said to be insufficient to warrant a jury in finding, as the jury below did, that this defendant was engaged in selling whisky between July 1, 1916, and September 2, 1916, while he had no license, and the judgment below must be affirmed.

It is so ordered.